IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK LEE HUNTINGTON,

                      Plaintiff,

    v.                                                  OPINION and ORDER

JOSA CASTILLO and                             22-cv-649-wmc[1]
DAVID OATS,

                      Defendants.

---

      Pro se plaintiff Derek Lee Huntington alleges that while he was incarcerated at Jackson County Jail, Sergeant Josa Castillo used excessive force against him and Sergeant David Oats taunted him while he was on suicide watch. I screened Huntington's complaint and determined that he had attempted to join two unrelated claims into a single lawsuit. I gave Huntington a short time to decide which claim he wanted to pursue in this lawsuit.

      Huntington has decided to pursue his claim against Castillo in this lawsuit and to pursue his claim against Oats in a new lawsuit for a second filing fee. Dkt. 9. He also asks me to appoint a lawyer to represent him. Dkt. 10. I will assign Huntington's claim against Castillo to this case number, allow him to proceed, and deny his request for a lawyer. I will also direct the clerk of court to open a new case for Huntington's claim against Oats that I will screen in a separate order.

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

ALLEGATIONS OF FACT

On September 12, 2022, Huntington was incarcerated in Jackson County Jail. That day, Josa Castillo entered Huntington's cell, "rushed" Huntington, "slam[ed]" his face into the floor and jumped on his back. Dkt. 1 at 3. Castillo broke one of Huntington's teeth and fractured his back, requiring hospital treatment. Huntington had his hands in the air and was about to lay down on the floor when Castillo entered his cell.

Huntington seeks damages. He also asks to be released from custody, but that is not relief the court can grant in this type of lawsuit.

ANALYSIS

Huntington contends that Castillo used excessive force against him. Although Huntington indicates that he is suing under state law, his allegations implicate his constitutional rights, and I will assume that he means to pursue a civil rights claim under 42 U.S.C. § 1983. I can exercise jurisdiction over a lawsuit based on state law when the state citizenship of the plaintiff is different from that of every defendant, an unlikely scenario here given that Huntington is incarcerated in Wisconsin and the named defendants work at a Wisconsin county jail. *See* 28 U.S.C. § 1332(a).

There is also the question of Huntington's legal status while at Jackson County Jail, which the complaint does not clarify. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). The Seventh Circuit Court of Appeals has yet to clarify whether an individual detained on a hold should be treated as a convicted prisoner or a pretrial detainee. *See The Estate of Jeffery Nottestad*

2

*v. LaCrosse Cnty*, Case No. 21-cv-535-jdp, 2022 WL 17583798 at * 5 (W.D. Wis. Dec. 12, 2022) (citing *Estate of Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017). But in *Smith v. Sangamon County Sheriff's Department*, 715 F.3d 188, 191 (7th Cir. 2013), the court of appeals treated a plaintiff on a parole hold as a pretrial detainee without directly addressing the issue, and this court has assumed that the Due Process Clause governs the claims of a person detained on a probation or parole hold, *see Bennett v. Syed*, No. 20-cv-861-jdp, 2022 WL 1521761, at *5 (W.D. Wis. May 13, 2022). I will not determine at this stage Huntington's legal status because the Eighth Amendment standard is the more stringent one and the complaint states a claim under that standard, but the parties will have to address the appropriate standard going forward.

The Eighth Amendment protects prisoners from cruel and unusual punishment, which includes the unnecessary and deliberate infliction of pain on a prisoner. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The inquiry for an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012). In determining whether an officer's use of force was excessive, relevant factors include why force was needed, how much force was used, the extent of the injury inflicted, whether the defendant perceived a threat to the safety of staff and prisoners, and whether efforts were made to temper the severity of the force. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). Huntington may proceed on an excessive force claim against Castillo on allegations that he was not resisting when Castillo slammed his face into the floor and jumped on his back, breaking a tooth and fracturing his spine.

I will deny Huntington's request that I appoint him a lawyer. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). To meet this threshold requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Huntington does not claim to have attempted to find a lawyer on his own, which is reason enough to deny his motion.

Huntington also fails to argue that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. This court will seek to recruit counsel for a pro se litigant only when the litigant also makes this showing, and this case is in its earliest stages so it is far too soon to tell whether it will boil down to issues too complex for Huntington to litigate himself.

I will deny Huntington's motion without prejudice, which means that he can ask again if he continues to believe that he is unable to litigate the lawsuit. But if he files another request for appointment of counsel, he will have to show that he has tried to find a lawyer on his own and explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Derek Lee Huntington is GRANTED leave to proceed on an excessive force claim against defendant Josa Castillo under this case number.

2. Plaintiff's motion for counsel, Dkt. 10, is DENIED without prejudice.

3. The clerk of court is directed to forward summonses, Huntington's complaint, and this order to the U.S. Marshals for service on defendant Castillo.

4. For the time being, plaintiff must send defendant Castillo a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer who will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendant or to defendant's attorney.

5. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendant or the court are unable to locate him, his case may be dismissed for failure to prosecute.

7. The clerk of court is directed to open a new case for plaintiff against defendant David Oats using the same complaint. The court will screen plaintiff's allegations against Oats in a separate screening order.

Entered January 30, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge